## T. KONDO, TRUSTEE, *v.* DAI YEN CHANG.

### No. 1864.

SUBMITTED APRIL 25, 1929.                    DECIDED MAY 13, 1929.

PERRY, C. J., BANKS, J., AND CIRCUIT JUDGE DAVIS IN PLACE OF PARSONS, J., ABSENT.

8

OPINION OF THE COURT BY BANKS, J.

This is a suit for the specific performance of a contract for the sale of land. The contract upon which the suit is predicated was dated July 21, 1927, and the recited consideration was $25,000. Of this amount the receipt of $500 was acknowledged by the vendor and it was agreed that the balance of the purchase price was to be paid as follows: "Five thousand dollars cash upon delivery of deed. Balance in three years at eight (8%) per cent interest with privilege to pay $1000.00 on account of principal and interest quarterly." It was agreed that the deal should close August 21, 1927. The contract also contains the following recitals which are pertinent to the case before us: "And it is hereby agreed: First—That in the event said purchaser shall fail to pay the balance of said purchase price or complete said purchase as herein provided, the amounts paid hereon shall, at the option of the seller, be retained as liquidated and agreed damages. Second—that in the event the title to said property shall not prove merchantable and said seller shall not perfect, or be able to perfect the same within a reasonable time from this date, the purchaser shall have the option of demanding and receiving back said deposit and shall be released from all obligation hereunder." The contract then recites the specific undertakings of the parties. That of the purchaser is as follows: "I agree to purchase the

above described property on the terms and conditions herein stated," and that of the seller is as follows: "I agree to sell the above described property on the terms and conditions herein stated and agree to pay the above signed agent as commission the sum of five per cent— dollars, or one-half the deposit in case same is forfeited by purchaser, provided the same shall not exceed the full amount of the commission." Within the time provided by the contract the complainant tendered to the respondent the sum of $4500, which, together with the sum of $500 which had already been paid, constituted the first payment on the purchase price. In the letter through which this tender was made the complainant stated: "I am ready and willing, forthwith, upon your delivery to me of a proper deed conveying the property to me according to the contract, to concurrently execute and deliver to you my promissory note for the balance of $20,000.00 of the purchase price, payable as provided in the contract, with a mortgage on the property to secure the same." The complainant also stated in this letter: "Regarding your statement that since the contract was made your wife has stated that she is unwilling to release her right of dower in the property, I am ready to agree with you that a proper proportion of the purchase price, to be estimated according to the usual rules and tables, may be withheld and paid in escrow or under any suitable trust arrangement, to be paid to you or your estate upon her death or upon her releasing her dower right, the portion of the purchase price last payable under the contract, under such terms as to interest and otherwise as shall be proper and equitable." The complainant in this letter also demanded of the respondent a specific performance by him of the contract. The seller (the respondent herein) declined the tender and refused performance. He also returned the $500, the initial payment, to the complainant,

which the complainant in turn returned to the respondent.

The respondent in his answer admits that a tender was made within the time prescribed by the contract but alleges in justification of his refusal to accept it and his refusal to comply with the demand made upon him for performance that the demand was to execute a deed conveying to the complainant the property described in the contract, whereas, in fact, he never made any such agreement. He alleges that his agreement with the complainant was to convey the property provided he could obtain the consent of his wife to join in the conveyance and that without any persuasion or the exercise of any influence upon her by him and without his connivance his wife of her own free will refused to join in the conveyance.

There is nothing in the written contract itself that tends in any way to support this defense. On its face it is an absolute and unconditional agreement by the respondent to sell the property described and convey a merchantable title, provided, of course, the complainant complied with his part of the contract. No mention is even made of the respondent's wife. The words, "I agree to sell the above described property on the terms and conditions herein stated," are clear and unambiguous and the "second" clause of the contract contains an unmistakable implication that the title to be conveyed should be merchantable. Much parol evidence pro and con was introduced on this phase of the case. Since this evidence was received without objection and was considered by the circuit judge in reaching his conclusion we think we also should consider it. The circuit judge in his written decision, after commenting on this evidence, said: "The testimony was very considerable in this case but without analyzing it in detail the court feels and finds as a fact that Dr. Chang's signature to the standard form of

deposit receipt, petitioner's exhibit 'A,' was not made expressly subject to his wife's consent to the sale."

We have examined the transcript and it is our conclusion that the parol evidence, instead of showing a different contract, confirms what is apparent from the written contract itself, namely, that the respondent's agreement to convey was not made dependent on his wife's consent to the sale but was an absolute and unconditional agreement to sell and to convey a "merchantable" title. The undisputed evidence shows that the respondent's wife refused to join in the conveyance and it was therefore impossible for him to convey a merchantable title, that is, a title free from her inchoate right of dower.

The complainant, being already informed that the wife would not join in the conveyance, suggested in his letter to the respondent, above referred to, that because of such refusal he was ready to agree to a proper abatement of the purchase price. This was the equivalent of offering to take a conveyance from the respondent alone provided an adequate abatement of the purchase price was allowed. The respondent refused to allow any abatement and thereupon the instant suit was brought to compel performance.

The undisputed evidence shows, and the circuit judge found, that at the time the contract was made the complainant knew that the respondent had a wife living and that her refusal to join in the conveyance was not in any manner induced or brought about by the respondent but was of her own free will. He therefore decided that the complainant was not entitled to any abatement of the purchase price but was entitled, upon full performance by him of his undertaking, to a conveyance from the respondent alone and a decree was entered accordingly. Since the complainant does not appeal from this decree he is apparently satisfied with it. It is therefore unnecessary for us to decide whether it was error to refuse the abate-

ment contended for. The appeal is taken by the respondent and we think he has no valid reason to complain. He is required by the decree to do the least he could be required to do under his agreement.

The decree appealed from is affirmed.

*Smith, Warren, Stanley & Vitousek* for petitioner.
*Robertson & Castle* for respondent.